## Case No. 8,424.

### The LIZZIE WESTON.

[Blatchf. Pr. Cas. 144.] [1]

District Court, S. D. New York. April Term, 1862.

PRIZE—VIOLATION OF BLOCKADE.

Vessel and cargo condemned as enemy property, and for a violation of the blockade.

In admiralty.

BETTS, District Judge. This vessel sailed from Apalachicola, in January, 1862, under the rebel flag, laden with a cargo of cotton. She and her cargo were owned by residents of Florida, one of the Confederate States. She also had on board an English ensign, which the master was to hoist whenever directed to do so by the supercargo. She was documented by the Confederate States. Her

destination was to Cuba, and back to a port in the Confederate States. She, however, has no specific limitation in her destination, but was to obey the directions of the supercargo as to her course. The owners of the vessel and cargo were on board of the vessel when she was captured. The seizure was made in the Gulf of Mexico, about one hundred and twenty miles off Apalachicola, by the United States gunboat Itasca. All on board of the schooner knew of the blockade of that port at the time she left it. The vessel on her capture was ordered to Philadelphia or New York, with her cargo for adjudication; but while on that course was compelled, by stress of weather and damage to the vessel, to put into Key West, where she arrived January 28, 1862. The schooner was there surveyed by authority of the United States officer, and reported to be in a bad condition to be navigated North. The cargo was transshipped to New York on board of the merchant vessel George W. Hull. The crew of the prize were dispatched to the same port, as witnesses, by the United States steamer Massachusetts, and were here examined in preparatorio. The vessel was left at Key West. A libel was filed in this court against the vessel and cargo March 18, 1862.

Upon the proofs, the vessel and cargo are subject to condemnation and forfeiture as enemy property. No claim was interposed in defence to the libel, and the cause was regularly defaulted in court; and if any objection might be offered because of a proposed outstanding interest of neutrals in the vessel and cargo, the testimony is conclusive of a wilful evasion of the blockade of the port of Apalachicola by both vessel and cargo in their egress from it. A decree of confiscation must be entered accordingly.

[At the next term of the court a motion to open the decree was denied, upon the ground that the court had no power to do this: its power over the judgment ending with the term of the court when rendered. Case No. 8,425.]